**MEMO ENDORSED**

| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010-1601<br>Tel.: (212) 849-7000 | **CAHILL GORDON & REINDEL LLP**<br>32 Old Slip<br>New York, NY 10005<br>Tel.: (212) 701-3000 |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/10/2023

April 7, 2023

<u>VIA ECF</u>

Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 1007

        Re:    *Roosevelt Parent LLC et al.* v. *Select Portfolio Servicing, Inc.*, 23-cv-01244-VEC

Dear Judge Caproni,

      In accordance with Rule 5 of Your Honor's Individual Practices in Civil Cases and Fed. R. Civ. P. 5.2(d), we write on behalf of both Parties to respectfully request that the Court seal limited portions of Defendant's Memorandum of Law in Support of its Motion to Dismiss (the "Memorandum"). Defendant seeks leave to file the Memorandum under seal today and, with the Court's permission, the Parties will then meet and confer on narrow redactions, and Defendant will publicly file a redacted version of the Memorandum by April 14, 2023.

      On February 8, 2023, Judge Gardephe granted Plaintiffs' Unopposed Motion to File Civil Case Under Seal. (ECF No. 3.) The parties now seek to seal the same information in connection with the motion to dismiss briefing.

      The parties seek to seal two categories of information: (1) details regarding a confidential regulatory matter involving Defendant, and (2) Plaintiffs' competitively sensitive information. The public interest in the information the Parties wish to seal is minimal, and there are strong interests that weigh in favor of sealing the information. *See Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (recognizing that a court may seal documents where "closure is essential to preserve higher values and is narrowly tailored to serve that interest").

      *First*, the Memorandum contains confidential regulatory information that is subject to the bank examination privilege, which "protects communications between banks and their examiners in order to preserve absolute candor essential to the effective supervision of banks." *Wultz* v. *Bank of China, Ltd.*, 61 F. Supp. 3d 272, 281 (S.D.N.Y. 2013) (citations omitted). The privilege belongs to the regulator, and the regulator has not waived the privilege. *See id.* at 282 ("The bank examination privilege belongs solely to . . . banking regulatory entities." (citation omitted)). Rather, it/they has expressly requested that the parties file this information under seal. Courts routinely seal this type of information. *See Erhart* v. *Bofl Fed. Bank*, 2019 WL 4534701, at *3 (S.D. Cal. Sept. 19, 2019) (concluding it is appropriate "to seal information subject to the bank examination privilege," and requiring narrowly tailored redactions that "mak[e] the filings

CAHILL GORDON & REINDEL LLP

-2-

otherwise publicly available"); *cf. Hanks* v. *Voya Retirement Ins. & Annuity Co.*, 2020 WL 5813448, at *3 (S.D.N.Y. Sept. 30, 2020) (permitting tailored redactions to protect "sensitive business information," including the substance of defendants' communications with state insurance regulators). This is the same information redacted in the Complaint and should be kept under seal in the Memorandum as well.

*Second*, the Memorandum contains Plaintiffs' competitively sensitive information. *See* No. 1:23-mc-00033-PGG, ECF No. 2-2, at 7–8; *Haider* v. *Geller & Co.*, 457 F. Supp. 3d 424, 427 (S.D.N.Y 2020); *SEC* v. *Telegram Grp.*, 2020 WL 3264264, at *3 (S.D.N.Y 2020) ("The demonstration of a valid need to protect the confidentiality of proprietary business information, such as internal analyses, business strategies, or customer negotiations, may be a legitimate basis to rebut the public's presumption of access to judicial documents. . . . Similarly, protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents."). This is the same competitively sensitive information redacted in the Complaint and should be kept under seal in the Memorandum as well.

As noted above, Defendant will file the Memorandum under seal in accordance with Rule 5.B.iii.c of Your Honor's Individual Practices in Civil Cases and, with the Court's permission, Defendant will file a public version with narrowly-tailored redactions on April 14, 2023.

Respectfully submitted,

| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | **CAHILL GORDON & REINDEL LLP** |
|---|---|
| */s/* Renita Sharma | */s/* Herbert S. Washer |
| R. Brian Timmons (admitted *pro hac vice*) | Herbert S. Washer |
| Corey Worcester | Edward Moss |
| Renita Sharma | Margaret A. Barone |
| Leigha Empson | Cahill Gordon & Reindel LLP |
| David Chardack | 32 Old Slip |
| Quinn Emanuel Urquhart & Sullivan, LLP | New York, New York 10005 |
| 51 Madison Avenue, 22nd Floor | Telephone: (212) 701-3000 |
| New York, NY 10010 | Facsimile: (212) 269-5420 |
| Telephone: (212) 849-7000 | hwasher@cahill.com |
| Facsimile: (212) 849-7100 | emoss@cahill.com |
| briantimmons@quinnemanuel.com | mbarone@cahill.com |
| coreyworcester@quinnemanuel.com | *Attorneys for Defendant* |
| renitasharma@quinnemanuel.com | |
| leighaempson@quinnemanuel.com | |
| davidchardack@quinnemanuel.com | |
| *Attorneys for Plaintiffs* | |

Application GRANTED. Not later than **Thursday, April 14, 2023**, Defendant must file a redacted version of its memorandum in support of its motion to dismiss on the docket and send an unredacted version highlighting the redactions to chambers.

SO ORDERED.

*[signature]* 04/10/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE