USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 05/23/2023

**MEMO ENDORSED**

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010-1601<br>Tel.: (212) 849-7000 | CAHILL GORDON & REINDEL LLP<br>32 Old Slip<br>New York, NY 10005<br>Tel.: (212) 701-3000 |

May 22, 2023

<u>VIA ECF</u>

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

Re: <u>Roosevelt Parent LLC et al. v. Select Portfolio Servicing, Inc.</u>, 1:23-cv-01244-VEC

Dear Judge Caproni:

In accordance with Rule 5 of Your Honor's Individual Practices in Civil Cases and Federal Rule of Civil Procedure 5.2(d), we write on behalf of all parties to respectfully request that the Court seal limited portions of Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss (the "Opposition"). Plaintiffs seek leave to file the Opposition under seal today and, with the Court's permission, the parties will then meet and confer on narrow redactions, and Plaintiffs will publicly file a redacted version of the Opposition by May 30, 2023.

On February 8, 2023, Judge Gardephe granted Plaintiffs' Unopposed Motion to File Civil Case Under Seal. ECF No. 3. The parties sought to seal the same information in connection with Defendant's Motion to Dismiss (ECF No. 26), which the Court permitted (ECF No. 31). Defendant then publicly filed a redacted version of its Motion to Dismiss on April 13, 2023. ECF No. 32. The parties now seek to seal the same information in Plaintiffs' Opposition to Defendant's Motion to Dismiss.

The parties seek to seal two categories of information: (1) details regarding a confidential regulatory matter involving Defendant, and (2) Plaintiffs' competitively sensitive information. The public interest in the information the parties wish to seal is minimal, and there are strong interests that weigh in favor of sealing the information. *See Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (recognizing that a court may seal documents where "closure is essential to preserve higher values and is narrowly tailored to serve that interest").

*First*, the Opposition contains confidential regulatory information that Defendant contends is subject to the bank examination privilege, which "protects communications between banks and their examiners in order to preserve absolute candor essential to the effective supervision of banks." *Wultz* v. *Bank of China Ltd.*, 61 F. Supp. 3d 272, 281 (S.D.N.Y. 2013) (citations omitted).

The privilege belongs to the regulator, and Defendant has represented to Plaintiffs that the regulator has not waived the privilege. *See id.* at 282 ("The bank examination privilege belongs solely to . . . banking regulatory entities." (citation omitted)). Rather, the regulator has expressly requested that the parties file this information under seal. Courts routinely seal this type of information. *See Erhart* v. *Bofl Fed. Bank*, 2019 WL 4534701, at *3 (S.D. Cal. Sept. 19, 2019) (concluding it is appropriate "to seal information subject to the bank examination privilege," and requiring narrowly tailored redactions that "mak[e] the filings otherwise publicly available"); *cf. Hanks* v. *Voya Retirement Ins. & Annuity Co.*, 2020 WL 5813448, at *3 (S.D.N.Y. Sept. 30, 2020) (permitting tailored redactions to protect "sensitive business information," including the substance of defendants' communications with state insurance regulators). This is the same information redacted in the Complaint and the Motion to Dismiss and should be kept under seal in the Opposition as well.

*Second*, the Opposition contains Plaintiffs' competitively sensitive information. *See* No. 1:23-mc-00033-PGG, ECF No. 2-2, at 7–8; *Haider* v. *Geller & Co.*, 457 F. Supp. 3d 424, 427 (S.D.N.Y 2020); *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y 2020) ("The demonstration of a valid need to protect the confidentiality of proprietary business information, such as internal analyses, business strategies, or customer negotiations, may be a legitimate basis to rebut the public's presumption of access to judicial documents. . . . Similarly, protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents."). This is the same competitively sensitive information redacted in the Complaint and should be kept under seal in the Opposition as well.

As noted above, Plaintiffs will file the Opposition under seal in accordance with Rule 5.B.iii.c of Your Honor's Individual Practices in Civil Cases, and, with the Court's permission, Plaintiffs will file a public version with narrowly tailored redactions on or before May 30, 2023.

Respectfully submitted,

| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | **CAHILL GORDON & REINDEL LLP** |
|---|---|
| /s/ Renita Sharma | /s/ Herbert S. Washer |
| R. Brian Timmons (admitted *pro hac vice*) | Herbert S. Washer |
| Renita Sharma | Edward Moss |
| Leigha Empson | Margaret A. Barone |
| David Chardack | Cahill Gordon & Reindel LLP |
| Quinn Emanuel Urquhart & Sullivan, LLP | 32 Old Slip |
| 51 Madison Avenue, 22nd Floor | New York, New York 10005 |
| New York, NY 10010 | Telephone: (212) 701-3000 |
| Telephone: (212) 849-7000 | Facsimile: (212) 269-5420 |
| Facsimile: (212) 849-7100 | hwasher@cahill.com |
| briantimmons@quinnemanuel.com | emoss@cahill.com |

renitasharma@quinnemanuel.com
leighaempson@quinnemanuel.com
davidchardack@quinnemanuel.com

mbarone@cahill.com

*Attorneys for Defendant*

*Attorneys for Plaintiffs*

Application GRANTED.  Plaintiffs must file a public version of their response to Defendant's motion to dismiss, with narrowly tailored redactions, not later than **Tuesday, May 30, 2023**.

SO ORDERED.

05/23/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE